Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| MARCUS JOHN AZURE, | ) | CV 22-30-M-DWM |
| | ) | |
| Plaintiff, | ) | CV 22-127-M-DWM |
| | ) | |
| v. | ) | **SECOND AMENDED** |
| | ) | **COMPLAINT** |
| LAKE COUNTY, MONTANA; | ) | |
| SHERIFF DON BELL; and DOES | ) | |
| 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to the Court's Order of October 3, 2022, in the matter titled *In re Conditions at Lake County Jail*, CV 22-127-M-DWM (Doc. 43), counsel files this Amended Complaint, differentiating between Plaintiff's consolidated claims and individual claims.

## Jurisdiction & Parties

1.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 USC §1343(a)(3), and pendent jurisdiction over Plaintiff's state claims.

2.      Plaintiff is an adult citizen of the United States and enrolled member of the Confederated Salish & Kootenai Tribes who was confined in the Lake County Jail prior to and on January 27, 2022, when he signed his original *pro se* complaint.

3.      Defendant Lake County is the political subdivision of the State of Montana that owns and operates the jail.

4.      Defendant Donald Bell is the Lake County Sheriff, and is responsible by law for the management and control of the jail, and the custody and care of the inmates confined in the jail.

5.      Defendants Does 1–10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and counsel, despite diligent

inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

6.     Defendant Bell and Defendants Does 1–10 acted under color of state law at all times relevant to Plaintiff's individual claim for relief.

## Allegations & Claims Shared with Other Members of the Consolidated Class

7.     During his term of confinement at the Lake County Jail, Plaintiff suffered from the unsafe and unsanitary conditions of confinement detailed in the Consolidated Complaint filed in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

8.     Plaintiff alleges Counts 1, 2, 3 and 4, as identified in *In re Conditions at Lake County Jail*, CV 22-127-M-DWM.

## Individual Allegations & Claim for Relief

9.     On or about February 23, 2022, Plaintiff was resting in his bunk when the bunk's metal bracket dislodged from the cell wall, causing the

bunk to fall and injure Plaintiff by gashing his head.  Plaintiff required seven staples to close the wound.

10.    Jail staff did not respond to banging on the cell door by Joseph Couture and Donald McLeod, other occupants of the cell, who attempted to get medical attention for Plaintiff's wound.

11.    Jail staff eventually responded, but did not provide immediate medical attention for Plaintiff.  Jail staff called the gash on Plaintiff's head a "scratch," and determined that he did not receive medical attention.

12.    Plaintiff's wound continued to bleed excessively for over two hours.

13.    Plaintiff's family called the jail asking the jail to provide medical attention to Plaintiff.

14.    After two hours, jail staff took Plaintiff to the hospital, where seven staples were required to suture his scalp wound.

15.    Defendants caused Plaintiff, Joseph Couture, and Donald McLeod to be cited for criminal mischief on February 25, 2022, alleging that they had deliberately broken the bunk from the wall.

16.    Plaintiff, Joseph Couture, and Donald McLeod did not commit any overt act to break the bunk or cause it to dislodge and fall from the wall. Plaintiff was laying in the bunk when it collapsed.

17.    Defendants failed to keep Plaintiff's bunk and cell in a reasonably safe condition.

18.    This suit seeks money damages as compensation for the injuries and damages incurred and continuing to be incurred by Plaintiff that were caused by the negligent and wrongful acts and omissions of Defendants and their agents, acting within the scope of their office and employment.

19.    While acting under the color of state law, Defendants subjected Plaintiff to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that Defendants deprived Plaintiff of adequate medical care.

20.    Defendants acted with deliberate indifference to the substantial risk of serious harm to Plaintiff.

21.    Plaintiff would have suffered less harm if Defendants had not acted with deliberate indifference to the substantial risk of harm to Plaintiff.

22.     Plaintiff had a serious medical need which was so obvious a lay person could recognize the necessity for a doctor's attention. Defendants were subjectively aware of Plaintiff's serious medical need. Defendants' responses to Plaintiff's medical needs were medically unacceptable under the circumstances and were made in conscious disregard of an excessive risk to Plaintiff's health.

23.     Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of his Constitutional rights. Defendants' deliberate indifference shocks the conscience and offends the community's sense of fair play and decency, and resulted in harm to Plaintiff.

24.     At all times pertinent, Defendants were subject to a duty of care under law to protect Plaintiff's constitutional, statutory, and common law rights.

25.     Defendants breached the applicable standards of care, including negligent violation of Plaintiff's constitutional, statutory, and common law rights, and negligent performance of official duties.

26.     Defendants' conduct caused damage to Plaintiff.

27.     Plaintiff seeks relief under 42 USC § 1983.

## Prayer for Relief

For all of the above-stated reasons, Plaintiffs and Class Members request that this Court award the following relief:

1. Issue final declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Defendants have violated Plaintiff's rights secured by the constitutions and laws of the United States;

2. Award damages in a reasonable amount to compensate Plaintiff fully for deprivation of his constitutional rights;

3. Award damages in a reasonable amount to compensate Plaintiff fully for all injuries;

4. Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Dated October 31, 2022

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

/s/Constance Van Kley
UPPER SEVEN LAW

Attorneys for Plaintiffs